IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-419-D
No. 5:20-CV-628-D

| | |
|---|---|
| CHRISTOPHER COBB, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On April 30, 2018, pursuant to a plea agreement, Christopher Cobb ("Cobb" or "petitioner") pleaded guilty to two counts of interference with commerce by robbery [D.E. 30, 31]. On July 30, 2018, the court sentenced Cobb to 170 months' concurrent imprisonment on each count. See [D.E. 50] 2–12. On September 22, 2020, the United States Court of Appeals for the Fourth Circuit dismissed Cobb's appeal. See [D.E. 52].

On November 24, 2020, Cobb moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 170-month sentence [D.E. 55]. On February 2, 2021, the government responded in opposition [D.E. 62] and filed a memorandum in support [D.E. 63]. On March 25, 2021, Cobb replied [D.E. 68].

On February 14, 2022, the court dismissed all claims except Cobb's ineffective assistance of counsel claim for failing to object at sentencing to the career offender designation in the Presentence Investigation Report ("PSR"). See [D.E. 69]. On March 15, 2022, the government filed its answer [D.E. 70]. On April 12, 2022, the Honorable W. Earl Britt referred the remaining claim to United States Magistrate Judge Robert Numbers to hold an evidentiary hearing and to file

proposed findings of fact and a recommended disposition. See [D.E. 71]. On May 4, 2022, after Judge Britt entered inactive senior status, the case was reassigned to the undersigned [D.E. 77].

On June 21, 2022, Judge Numbers held an evidentiary hearing. On September 7, 2022, Magistrate Judge Numbers issued a comprehensive M&R [D.E. 83]. In that M&R, Judge Numbers found that defense counsel had not rendered ineffective assistance of counsel by failing to object to the career offender designation in the Presentence Investigation Report ("PSR") and recommended that the court deny Cobb's ineffective assistance of counsel claim. See id. at 4–7. On September 21, 2022, Cobb objected to the M&R [D.E. 84]. The government did not respond.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the entire record, including the M&R, the transcripts, the briefs, and the objection. Cobb objects that when Judge Britt sentenced Cobb on July 30, 2018, United States v. O'Connor, 874 F.3d 1147, 1153–58 (10th Cir. 2017) (holding that Hobbs Act robbery is not categorically a "crime of violence" under U.S.S.G. § 4B1.2(a)), and United States v. Edling, 895 F.3d 1153, 1159 (9th Cir. 2018) (holding that robbery under Nevada law is not categorically a "crime of violence" under U.S.S.G. § 4B1.2(a)), clearly foreshadowed the Fourth Circuit's decision on April 29, 2021, in United States v. Green, 996 F.3d 176 (4th Cir. 2021). In Green, the Fourth Circuit held that Hobbs Act robbery is not categorically a "crime of violence" under U.S.S.G. § 4B1.2(a). See Green, 996 F.3d at 181–82. Thus, according to Cobb, on July 30, 2018, Cobb's trial counsel

2

rendered ineffective assistance of counsel under the Sixth Amendment by failing to object to the career offender enhancement in Cobb's PSR. See [D.E. 84] 6. Specifically, Cobb contends that his counsel should have objected to Cobb's career offender designation and cited O'Connor and Edling. See id.

The court agrees with the analysis in the M&R and overrules Cobb's objection. Judge Numbers properly applied Honeycutt v. Mahoney, 698 F.2d 213 (4th Cir. 1983). See M&R 4–7. Moreover, United States v. Morris, 917 F.3d 818 (4th Cir. 2019), bolsters the conclusion that Cobb's counsel did not render ineffective assistance of counsel on July 30, 2018. In Morris, the Fourth Circuit rejected a petitioner's argument that counsel was ineffective by failing to object at sentencing to a career offender advisory guideline enhancement which relied on a conviction under Virginia's kidnapping statute as a predicate "crime of violence" under U.S.S.G. § 4B1.2(a). See Morris, 917 F.3d at 823–24. The Fourth Circuit rejected the argument that Morris's counsel rendered deficient performance under the Sixth Amendment when, at the time of Morris's sentencing in 2013, the question of whether Virginia's kidnapping statute constituted a predicate "crime of violence" under U.S.S.G. § 4B1.2(a) was undecided in the Fourth Circuit and only one out-of-circuit decision held that kidnapping was not a crime of violence under U.S.S.G. § 4B1.2(a). See id. at 825–26; see also McFadden v. United States, No. CR 16-87, 2022 WL 2971948, at *4–5 (D. Md. July 27, 2022) (unpublished) (applying Morris and rejecting an ineffective assistance of counsel claim due to defense counsel's failure to object at sentencing on September 6, 2018, to Hobbs Act robbery being a "crime of violence" under U.S.S.G. § 4B1.2(a)). In light of the state of the law when the court sentenced Cobb on July 30, 2018, O'Connor and Edling did not clearly foreshadow the Fourth Circuit's 2021 decision in Green. See Morris, 917 F.3d at 823–26; Honeycutt, 698 F.2d at 217; McFadden, 2022 WL 2971948, at *4–5.

3

Other applicable Fourth Circuit precedent on July 30, 2018, bolsters the conclusion that Cobb's defense lawyer did not preform deficiently under the Sixth Amendment on July 30, 2018, by failing to cite O'Connor and Edling and object. See Knowles v. Mirzayance, 556 U.S. 111, 127 (2009) ("The law does not require counsel to raise every available non-frivolous defense."); Strickland v. Washington, 466 U.S. 668, 687–91 (1984). In United States v. Jarmon, 596 F.3d 228, 231 n.* (4th Cir. 2010), the Fourth Circuit held that "precedents evaluating the ACCA apply with equal force to U.S.S.G. § 4B1.2." See also United States v. Seay, 553 F.3d 732, 738 (4th Cir. 2009). After Jarmon, the Fourth Circuit adhered to this precedent, including in 2018. See United States v. Lewis, 719 F. App'x 210, 219 n.6 (4th Cir. 2018) (unpublished); United States v. Coulter, 654 F. App'x 585, 586 n.* (4th Cir. 2016) (per curiam) (unpublished); United States v. Flores-Granados, 783 F.3d 487, 490 (4th Cir. 2015). As of July 30, 2018, three federal circuit courts of appeals held that Hobbs Act robbery constituted a violent felony under the ACCA. See United States v. Hill, 890 F.3d 51, 60 (2d Cir. 2018); United States v. Rivera, 847 F.3d 847, 849 (7th Cir. 2017); In re Fleur, 824 F.3d 1337, 1340–41 (11th Cir. 2016). Accordingly, under Jarmon, those cases would have supported the conclusion that Hobbs Act robbery was a "crime of violence" under U.S.S.G. § 4B1.2(a). Moreover, in United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016), the Fourth Circuit held that federal bank robbery constituted a violent felony under the ACCA, and thereby strongly suggested that Hobbs Act robbery too was a violent felony under the ACCA and a crime of violence under U.S.S.G. § 4B1.2(a). Indeed, less than a year after Cobb's sentencing, the Fourth Circuit relied exclusively on McNeal and held that Hobbs Act robbery is a violent felony under the ACCA. See United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). In light of these cases, at the time of Cobb's sentencing on July 30, 2018, Fourth Circuit precedent strongly suggested that Jarmon and McNeal foreclosed Cobb's ability to argue successfully that Hobbs Act robbery was not

4

a crime of violence under U.S.S.G. § 4B1.2(a). Thus, the court rejects Cobb's remaining ineffective assistance of counsel claim. See, e.g., Knowles 556 U.S. at 124–27; Strickland, 466 U.S. at 687–91; Morris, 917 F.3d at 823–24; Honeycutt, 698 F.2d at 217; McFadden, 2022 WL 2971948, at *4–5.

After reviewing the claims presented in Cobb's motion, the court finds that reasonable jurists would not find the court's treatment of Cobb's claims debatable or wrong, and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court ADOPTS the findings and conclusions in the M&R [D.E. 83], OVERRULES petitioner's objection [D.E. 84], and DISMISSES petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 55]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This 27 day of April, 2023.

JAMES C. DEVER III
United States District Judge

5

Case 5:17-cr-00419-D   Document 86   Filed 04/27/23   Page 5 of 5